UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
GREENEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | 2:15-CR-00107-DCLC-CRW |
| | ) | |
| v. | ) | |
| | ) | |
| MIGUEL ANGEL MARTINEZ, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION**

Before the Court is Defendant's *pro se* Motion to Reduce Sentence under United States Sentencing Guideline Amendment 821 [Doc. 604].

I.    **BACKGROUND**

On August 23, 2016, Defendant pleaded guilty to one count of conspiracy to distribute and possess with the intent to distribute 5 kilograms or more of cocaine and one count of aggravated identity theft [*See* Doc. 247]. Based on a total offense level of 27 and a criminal history category of II, Defendant's guideline range was 78 to 97 months [Doc. 305, ¶ 71]. Due to the statutory mandatory minimum in effect at the time of sentencing, however, Defendant's guideline term of imprisonment was 144 months. *See* U.S.S.G. § 5G1.1(b). Ultimately, the Court departed from the guideline range and sentenced Defendant to a total term of 124 months' imprisonment— 100 months on count one and 24 months on the additional count to be served consecutively [Doc. 354, pg. 2]. Defendant was housed at FCI Coleman and was released on May 8, 2024. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited May 10, 2024). He now seeks a sentence reduction pursuant to Guideline Amendment 821 [Doc. 604].

1

## II.　ANALYSIS

"A district court may modify a defendant's sentence only as provided by statute." *United States v. Johnson*, 564 F.3d 419, 421 (6th Cir. 2009) (citation omitted). Relevant here, 18 U.S.C. § 3582(c)(2) authorizes a court to impose a sentence reduction when a defendant "has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . after considering the factors set forth in [18 U.S.C. § 3553(a)] to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2).

Amendment 821, which took effect on November 1, 2023, altered the application of the guidelines with respect to offenders who earned criminal history "status" points based on the commission of an offense while serving a criminal justice sentence or offenders with zero criminal history points at the time of sentencing ("zero-point offenders"). Composed of two parts, Amendment 821 amended U.S.S.G. § 4A1.1 to reduce or eliminate status points and created U.S.S.G. § 4C1.1 to reduce the offense level for zero-point offenders by two levels. Pursuant to § 4A1.1, "status" points are eliminated for defendants with six or less criminal history points, and one status point, rather than two, are applied for defendants with more than six criminal history points.

At the time of sentencing, Defendant received two status points for committing the offense while under a criminal justice sentence in Hamblen County General Sessions Court [Doc. 486, ¶ 58]. If sentenced today, Defendant would not receive status points under U.S.S.G. § 4A1.1, and he would have one criminal history point which would lower his criminal history category from II to I. But Defendant's guideline range would still be the mandatory minimum of 144 months. Accordingly, Defendant is ineligible for a sentence reduction under 18 U.S.C. § 3582(c)(2).

2

### III. CONCLUSION

For the reasons stated herein, Defendant's motion [Doc. 604] is **DENIED**.

**SO ORDERED:**

s/ Clifton L. Corker
United States District Judge
